UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 20-0620 FMO (JDEx) | Date | February 16, 2023 |
|---|---|---|---|
| Title | Dina Kourda, et al. v. David Salinas, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  Attorney Present for Defendant(s):
None Present                        None Present

**Proceedings:**   (In Chambers) Order to Show Cause Re: Jurisdiction

On March 30, 2020, plaintiffs Dina Kourda and Kimberly Matias's (collectively, "plaintiffs") filed their Complaint asserting state court claims against several defendants, including The Puppy Store, LLC ("Puppy Store") and Yellow Store Enterprises, LLC ("Yellow Store"). (See Dkt. 1, Complaint at ¶¶ 12-13, 29-64). Subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332. (See id. at ¶ 15).

On May 14, 2020, the court stayed this action pursuant to the first-to-file rule, (see Dkt. 40, Court's Order of May 14, 2020 ("Stay Order") at 3), and on June 15, 2022, plaintiffs filed a Motion to Transfer Venue. (See Dkt. 56, "Motion"). As part of the transfer analysis, the moving party "must establish that the matter might have been brought in the district to which transfer is sought. This includes demonstrating that subject matter jurisdiction . . . would have been proper if the plaintiff had filed the action in the district to which transfer is sought." Metz v. U.S. Life Ins. Co. in City of New York, 674 F.Supp.2d 1141, 1145 (C.D. Cal. 2009) (internal citation and quotation marks omitted).

Limited liability companies ("LLCs") are treated like partnerships rather than corporations and are deemed "a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."). "There is no such thing as 'a [state name] limited partnership' for purposes of diversity jurisdiction. There are only partners, each of which has one or more citizenships." Hart v. Terminex Int'l, 336 F.3d 541, 544 (7th Cir. 2003) (internal quotation marks omitted). Moreover, "[a]n LLC's principal place of business [or] state of organization is irrelevant" for purposes of diversity jurisdiction. See Buschman v. Anesthesia Business Consultants LLC, 42 F.Supp.3d 1244, 1248 (N.D. Cal. 2014); Tele Munchen Fernseh GMBH & Co Produktionsgesellschaft v. Alliance Atlantis Int'l Distribution, LLC, 2013 WL 6055328, *4 (C.D. Cal. 2013) ("As a limited liability company, [defendant]'s principal place of business is irrelevant for purposes of diversity jurisdiction."). If a member of an LLC is a corporation, then the state of incorporation and its principal place of business must be shown.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 20-0620 FMO (JDEx) | Date | February 16, 2023 |
|---|---|---|---|
| Title | **Dina Kourda, et al. v. David Salinas, et al.** | | |

     Here, the Complaint alleges merely that Puppy Store and Yellow Store are each a "Wyoming limited liability company owned by" defendants David Salinas and Veronica Salinas, who reside in Utah.[1]  (See Dkt. 1, Complaint at ¶¶ 8-9, 12-13).  It is unclear if these defendants have (or had at the time of the filing of the Complaint) other members.  Thus, the court cannot determine whether it has subject matter jurisdiction.  Without resolving this issue, the court cannot decide the pending Motion. See Metz, 674 F.Supp.2d at 1145 (internal citation and quotation marks omitted).

     Accordingly, IT IS ORDERED that no later than **February 22, 2023**, plaintiffs shall show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction. Defendants, who are in a better position to set forth their citizenship, shall submit a response as well as to the subject defendants' citizenship.  The parties' responses shall be supported by a declaration as necessary.  **Failure to submit a response by the deadline set forth above may be deemed as consent to dismissal of the action**.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | gga |

---

[1] The court finds that the amount in controversy is adequately alleged.